IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv88

| | |
|---|---|
| KAY T. CIANCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| Vs. ) | RECOMMENDATION |
| ) | |
| MISSION HOSPITALS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss plaintiff's Fourth Cause of Action and Motion to Dismiss plaintiff's Fifth Cause of Action. Having carefully considered defendant's motions, reviewed the supporting and opposing briefs, and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

This action concerns plaintiff's alleged discharge from the employment of defendant as a registered nurse. It is plaintiff's contention that she injured her back when she was assigned to provide care to a cardiac patient who weighed 400 pounds. Complaint, at ¶¶ 8-9. After her alleged injury, plaintiff alleges that she visited her primary care provider who instructed her to lift no more than 20 pounds upon her return. Id., at ¶¶ 11-12. Upon her return, defendant honored that restriction, but purportedly informed her that it would need a doctor's note to honor that limitation beyond April 30, 2004. Id., at ¶ 18. With no doctor's note provided by the deadline, defendant

1

removed plaintiff from the work schedule for the first week of May 2004. Id., at ¶ 22. Plaintiff alleges that she took that week to go to Florida to undergo a Functional Capacity Evaluation ("FCE") under her husband's insurance coverage. Id., at ¶ 25. Defendant treated this absence as unexcused and terminated plaintiff's employment as of May 7, 2004. Id., at ¶ 28.

After her termination on May 7, 2004, plaintiff informed defendant for the first time that she considered her back injury to be job related, i.e., that it was precipitated by her care of the 400 pound patient. Id., at ¶ 29. In June 2004, after her doctors had purportedly cleared her for return to work without restrictions, id., at 32, plaintiff applied for re-employment with defendant. Id. Plaintiff was informed that she was not eligible for re-employment with defendant. Id. Plaintiff alleges that the reason she was given for not being rehired was "'communications' difficulties . . . ." Id.

Plaintiff has alleged seven causes of action against defendant: (1) interference with plaintiff's rights under the Family Medical Leave Act; (2) discrimination against plaintiff under the Family Medical Leave Act; (3) willful violation of the Family Medical leave Act; (4) violation of the Retaliatory Employment Discrimination Act; (5) violation of public policy [that being the Retaliatory Employment Discrimination Act]; (6) negligent infliction of emotional distress; and (7) violation of the Employee Retirement Income Security Act. Defendant has moved under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the Fourth and Fifth Causes of Action, and those motions are fully briefed and ripe for disposition.

## II.  Standard Applicable to Motion to Dismiss Under Rule 12(b)(6)

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of claims within a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."

Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff, as reflected above.

III. Discussion

   A. Motion to Dismiss Plaintiff's Fourth Cause of Action

Defendant has first moved to dismiss plaintiff's Fourth Cause of Action, which is a state law claim asserted under the supplemental jurisdiction of this court. In this claim, plaintiff contends that defendant violated the protections afforded to her by the State of North Carolina under the Retaliatory Employment Discrimination Act (hereinafter "REDA") when it failed to re-employ her. In attempting to allege a *prima facie* case of discrimination under REDA, plaintiff first asserts that she is "among the class of persons entitled to protection under [REDA] . . . and the applicable regulations." Complaint, at ¶ 52. She further alleges that defendant "willfully refused to rescind the termination and reinstate and/or rehire Plaintiff because she initiated an inquiry and asserted her rights under North Carolina's workers' compensation statute. . . ." Id., at ¶ 54.

The defendant's motion squarely presents the issue of whether a person who has been terminated is among the class of persons entitled to protection under REDA, to wit, whether a person whose employment has been terminated is an "employee." In resisting defendant's motion, plaintiff's central argument is that the North Carolina Department of Labor defines "employee" for purposes of REDA to include "former employees" and "applicants." 13 N.C.A.D.C. 19.0201(2) (April 1, 1999). Plaintiff further argues that the case relied on by defendant in support of its motion,

Merrick v. Charlotte-Mecklenburg Hosp. Auth., 2003 WL 21649275 (N.C.App. 2003)[1], fails to take into consideration the definition provided four years earlier by the Commissioner of Labor. The finding in Merrick that REDA provides no protection to terminated employee is consistent with decisions of this court and a sister court in the Middle District of North Carolina that pre- and post-date the promulgation of the state administrative regulation. See Sayers v. ABB C-E Services, Inc., 4:97cv37 (W.D.N.C. October 15, 1997);[2] Wiley v. United Parcel Service, Inc., 102 F.Supp.2d 643, 652 (M.D.N.C. 1999).

Clearly, the rule promulgated by the Commissioner would expand REDA to include plaintiff's claim. Such administrative rule making by the Commissioner appears to be inconsistent not only with both pre- and post-promulgation interpretation of the statute by various trial and appellate courts, it appears to amount to bureaucratic legislation that far exceeds the bounds of the legislative mandate to the Commissioner of Labor to establish rules to *implement* REDA. N.C.Gen.Stat. § 95-245. In this case, the Commissioner of Labor defined the term "employee," which has on its face a plain and simple meaning, to include persons who were *not yet employees* and persons who were *once employees*. Thus, the Commissioner enlarged the protected class from "employees" to just about everyone. This is not a situation peculiar to North Carolina. The United States Department of labor, through rulemaking, also enlarged the definition of "eligible employee" under the FMLA, which amounted to a material alteration of the statute. Brungart v. BellSouth Telecomm, Inc., 213 F.3d 791, 796-97 (11th Cir. 2000), cert. denied, 532 U.S. 1037 (2001). With

---

[1] Due to the limits of electronic filing, a copy of such unpublished decision is incorporated herein through reference to the Westlaw citation.

[2] Due to the limits of electronic filing, a copy of such unpublished decision is incorporated herein through reference to the PACER citation (not reported in Westlaw).

all due respect to the Commissioner or Labor, the undersigned places little weight in such administrative regulation as it appears to impermissibly widen a remedial law, thereby usurping the legislative function. Duke Power Co. v. Clayton, 274 N.C. 505, 511 (1968).

Plaintiff further cites the court to Commissioner of Labor v. Weekly Homes, L.P, __ N.C.App. __, 609 S.E.2d 407, rev. denied, 359 N.C. 629 (2005), for the proposition that this court should accept the Commissioner of Labor's definition of employee. The undersigned agrees with plaintiff that such decision stands for the proposition that courts should give appropriate deference to the agency's interpretation of a statute, but the North Carolina Court of Appeals further held "as long as the agency's interpretation was a reasonable and permissible construction of the statute." Id., at 412 (citation omitted). As discussed above, 13 N.C.A.D.C. 19.0201(2) is not reasonable in that it creates a definition that is at odds with the plain meaning of the word "employee" and that it is impermissible in that the definition well exceeds the scope of administrative rulemaking by enlarging the protected class. In fact, such rulemaking is contrary to judicial interpretation of the term "employee" that pre- and postdated its promulgation.

The undersigned will, therefore, respectfully recommend to the district court that defendant's Motion to Dismiss the Fourth Cause of Action be granted inasmuch as plaintiff was not an "employee" at the time she contends defendant violated REDA.

**B.    Plaintiff's Motion to Dismiss the Fifth Cause of Action**

Plaintiff's Fifth Cause of Action seeks relief for defendant's alleged failure to rehire her in violation of the public policy of North Carolina as expressed in REDA. Foremost, plaintiff does not allege anywhere in her Complaint that she ever filed a worker's compensation claim. It is the filing of a worker's compensation claim that "triggers the statutory and common law protection against

employer retaliation in violation of public policy." Whitings v. Wolfson Casing Corp., __ N.C. App. __, 2005 WL 2123713 (2005). Just as there is no case law that would support plaintiff's Fourth Cause of Action under REDA, there is no North Carolina case law which provides that failure to rehire or reinstate violates the public policy of North Carolina as expressed in REDA. As discussed above, REDA on its face has no application to persons who are not employees or persons seeking to be rehired or "brought back" after a layoff. While North Carolina does recognize the tort of wrongful discharge in violation of public policy, Paquette v. County of Durham, 155 N.C.App. 415, ___, 573 S.E.2d 715, 718 (2002), disc. review denied, 357 N.C. 165 ( 2003), no where in the reported cases does North Carolina recognize a tort for wrongful failure to hire, rehire, or reinstate in violation of public policy. Even if such a tort were to be recognized as a further exception to North Carolina's employment at will doctrine, Coman v. Thomas Mfg. Co., 325 N.C. 172, 175 (1989), it follows that as an essential element of such a claim would be that some public policy was violated. REDA, however, does not set forth a public policy prohibiting retaliatory decision making in the context of hiring, rehiring, or reinstating employees. See Sayer, Wiley, and Merrick, supra. Because plaintiff does not come within the class of persons protected by REDA, she has no standing to assert as a cause of action a public policy violation of the same statute.

The undersigned will, therefore, respectfully recommend that defendant's Motion to Dismiss plaintiff's Fifth Cause of Action be granted.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's

(1) Motion to Dismiss plaintiff's Fourth Cause of Action be **ALLOWED** and that such

claim be dismissed with prejudice; and

(2) Motion to Dismiss plaintiff's Fifth Cause of Action be **ALLOWED** and that such claim be dismissed with prejudice**.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: October 21, 2005**

---------------------------------------

Dennis L. Howell
United States Magistrate Judge