## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO. 1:05CV88

| | | |
|---|---|---|
| KAY T. CIANCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| MISSION HOSPITALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's timely filed objections to the Memorandum and Recommendation of Magistrate Judge Dennis L. Howell. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned referred Defendant's motion to dismiss Plaintiff's fourth and fifth claims for relief to Judge Howell who recommended granting Defendant's motion. Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which specific objections were filed, the undersigned adopts the Magistrate Judge's recommendation. **28 U.S.C. § 636; Fed. R. Civ. P. 72.**

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may refer a motion to dismiss to a magistrate judge for recommendation as to disposition. **28 U.S.C. § 636(b)(1)(B).** A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotations omitted).** If proper objections are made, a district court reviews the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded allegations and views the complaint in a light most favorable to the Plaintiff. ***Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).** However, the Court "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments," or "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." ***Eastern Shore Mkt. Inc., v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).** Additionally:

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

***Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citations and internal quotations omitted).** A motion to dismiss should be granted where it is clear that no set of facts consistent with the allegations in the complaint could support the asserted claim for relief. ***Id.*, at 325.**

## II. STATEMENT OF FACTS

Plaintiff began working for Defendant as a registered nurse in the cardiac unit in December 2002. **Complaint, ¶ 6.** In February 2004, Plaintiff was assigned to care for a patient weighing approximately 400 pounds. ***Id.*, ¶ 8.**

Plaintiff began suffering "severe back pain and numbness along her left leg on or about April 3, 2004." *Id.*, ¶ **9.** On or about April 5, 2004, Plaintiff informed Defendant of her condition and that she had made a doctor's appointment as a result thereof. *Id.* Two days later, Plaintiff provided Defendant with a doctor's statement documenting her condition and treatment. *Id.*, ¶ **10.** Plaintiff remained off work through April 13, 2004, at which time Plaintiff's physician informed her "that she could return to work with a twenty (20)-pound lifting restriction." *Id.*, ¶ **11.** Plaintiff was subsequently advised by Defendant that her lifting restriction would be observed only until April 30, 2004, and after that date, Plaintiff would be required to return to working at the full lifting capacity (*i.e.*, 50 pounds) or take leave under the Family and Medical Leave Act ("FMLA"). *Id.*, ¶¶ **18-19.**

Plaintiff spoke with her physician about obtaining the necessary FMLA medical certification, at which time her physician informed her that a functional capacity work-up would be necessary. *Id.*, ¶ **20.** On April 30, 2004, Craig Harris, supervisor of the cardiovascular intensive care unit, instructed Plaintiff to complete a request for leave of absence form, and provided her with a "Physical Demands Analysis" form to take with her to the

functional capacity examination. *Id.*, ¶ **22.**  Plaintiff was also advised that she was to return the medical certification forms by May 3, 2004. *Id.*, ¶ **22.**  On May 6, 2004, Plaintiff was informed that, due to her failure to return the medical certification forms by May 3, her absence from work was being treated as unexcused. *Id.*, ¶ **27.**  Plaintiff's employment was terminated as of May 7, 2004. *Id.*, ¶ **28.**

It was not until after her termination that Plaintiff first informed Defendant she thought her injury was work-related. *Id.*, ¶ **29.**  After being cleared by her physician to return to work with no restrictions in late June 2004, Plaintiff inquired about returning to work for Defendant. *Id.*, ¶ **32.**  Plaintiff was allegedly informed "that she was not eligible for rehire due to 'communications' difficulties." *Id.*, ¶ **32.**  Plaintiff claims, however, that she was not rehired "because she initiated an inquiry and asserted her rights under North Carolina's workers' compensation statute[.]" *Id.*, ¶ **54.**

Plaintiff filed this action on April 21. 2005,[1] asserting claims for (1) interference with Plaintiff's rights under the FMLA, (2) discrimination against

_____

[1] At least insofar as the claims relevant to this particular motion are concerned, Plaintiff properly exhausted her administrative remedies prior to bringing suit. *See* **N.C. Gen. Stat. § 95-243; Exhibit A, Plaintiff's "Right to Sue Letter," dated January 24, 2005,** *attached to* **Complaint.**

Plaintiff under the FMLA, (3) willful violation of the FMLA, (4) violation of the Retaliatory Employment Discrimination Act ("REDA"), (5) violation of public policy, (6) negligent infliction of emotional distress, and (7) violation of the Employee Retirement Income Security Act. *Id.*, ¶¶ **37-75.** Defendant moved to dismiss Plaintiff's fourth and fifth causes of action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See,* **Defendant's Motion to Dismiss and Supporting Memorandum of Law, filed August 22, 2005.** The Plaintiff has timely filed her objections to the Magistrate Judge's recommendation that the Court grant Defendant's motion.

### III.  ANALYSIS

**A. Plaintiff's Fifth Cause of Action**

Plaintiff's fifth stated cause of action is for violation of public policy pursuant to the REDA, N.C. Gen. Stat. §§ 95-240, *et seq.* **See Complaint, ¶¶ 56-62.** Plaintiff has not objected to the Magistrate Judge's recommendation that this cause of action be dismissed. **See Memorandum and Recommendation, at 6-7; Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation, filed November 3, 2005, at 11**

**("[Plaintiff] does not dispute" Magistrate Judge's conclusion that applicable North Carolina case law precludes her fifth cause of action).** There being no objection by Plaintiff, and with the Court finding no clear error, the Magistrate Judge's recommendation to dismiss Plaintiff's fifth cause of action is adopted by the Court. ***See Diamond*, 416 F.3d at 315.**

**B. Plaintiff's Fourth Cause of Action**

Plaintiff does, however, object to the Magistrate Judge's recommendation that her fourth cause of action for violation of the REDA be dismissed. ***See Plaintiff's Objection, at 1.*** Plaintiff alleges she is within "the class of persons entitled to protection under [REDA]," and that Defendant violated the Act by "willfully refus[ing] to rescind the termination [of her employment] and reinstate and/or rehire Plaintiff because she initiated an inquiry and asserted her rights under North Carolina's workers' compensation statute, as set forth in Chapter 97 of the North Carolina General Statutes." **Complaint, ¶¶ 52, 54.** The issue before the Court is whether a person who has been terminated from her employment and complains of actions occurring after this termination is within the class of persons protected under REDA.

The REDA provides that "[n]o *person* shall discriminate or take any *retaliatory action* against an *employee* because the *employee* in good faith does or threatens to[,]" among other things, file a workers' compensation claim. **N.C. Gen. Stat. § 95-241(a)(1)(a) (emphasis added).** The statute defines "person" and "retaliatory action" as follows:

> (1) "Person" means any individual, partnership, association, corporation, business trust, legal representative, the State, a city, town, county, municipality, local agency, or other entity of government.
> (2) "Retaliatory action" means the discharge, suspension, demotion, retaliatory relocation of an employee, or other adverse employment action taken against an employee in the terms, conditions, privileges, and benefits of employment.

**N.C. Gen. Stat. § 95-240.** The statute does not, however, define "employee." Plaintiff contends that "employee" includes "former employees." ***See* Plaintiff's Objection, at 4-11.**

The only direct guidance from the North Carolina appellate courts is from an unpublished decision in *Merrick v. Charlotte-Mecklenburg Hosp. Auth.*, 159 N.C. App. 228, 582 S.E.2d 726 (table), 2003 WL 21649275 (2003), wherein a unanimous panel of the court affirmed the trial court's ruling that "former employees" are not within the class of persons protected by REDA. ***Id.*, at **2 ("[P]laintiff contends that as a 'former employee,' she is**

**protected by REDA. We disagree.").** The *Merrick* decision is in accord with the only two other cases of which this Court is aware that interprets REDA in the context of rehiring or recalling a former employee. ***See Sayers v. ABB C-E Servs., Inc.*, 1997 U.S. Dist. LEXIS 18304 at \*12 (W.D.N.C. 1997) ("[REDA] does not provide a remedy for retaliatory failure to recall, only for retaliatory discharge."); *Wiley v. United Parcel Serv., Inc.*, 102 F.Supp.2d 643, 652 (M.D.N.C. 1999), *aff'd*, 11 Fed. Appx. 176 (4th Cir. 2001) ("The court is not convinced that the failure to reinstate gives rise to a REDA claim." (citing *Sayers*)).**

Aside from Plaintiff's argument relating to the Commissioner of Labor's definition of "employee," the North Carolina court of appeals had the opportunity to consider the same arguments and authorities in *Merrick* that are now proffered by the parties in this case. In fact, the parties' arguments here track almost verbatim in some areas those contained in the briefs submitted in *Merrick*. ***See,* Brief of Plaintiff-Appellant in *Merrick,* 2002 WL 32392471 (Aug. 5, 2002); Brief of Defendant-Appellee in *Merrick*, 2002 WL 32392196 (Sept. 9, 2002).** After considering these same arguments, the court of appeals determined that "former employees" are not within the class of

persons protected by the REDA.  Further, Plaintiff's additional argument

respecting the Commissioner of Labor's definition of "employee" does not

convince this Court that a ruling contrary to that in *Merrick* should issue here.

The Commissioner of Labor has defined "employee" in regards to the

REDA as:

> [T]hose individuals protected from discrimination or retaliation by
> G.S. 95-241, and includes but is not limited to those individuals
> defined as employees in G.S. 97-2(2), G.S. 95-25.2(4), G.S. 95-
> 127(9), miners as defined in G.S. 74-24.2, temporary, leased, or
> loaned employees, *former employees*, jointly employed employees,
> common law employees, and applicants.

**13 N.C. Admin. Code 19.0201 (emphasis added)***.*  As Plaintiff argues, a rule

promulgated by the Commissioner should usually be given due deference.  ***See***

**Plaintiff's Objection, at 4 (citing *Mark IV Beverage, Inc. v. Molson Breweries**

*USA, Inc.***, 129 N.C. App. 476, 485, 500 S.E.2d 439, 445 (1998) ("Our**

**Supreme Court has recognized the significance of an agency's interpretation,**

**regarding it as 'strongly persuasive.'" (citation omitted))).**  However, to earn

such deference the rule must be a proper exercise of the Commissioner's

power, which in this case means the adoption of rules needed to *implement*

the statute, not the adoption of rules that expand the statute's intended reach.

***See* N.C. Gen. Stat. § 95-245 (providing that "[t]he Commissioner may**

**adopt rules needed to implement this Article pursuant to the provisions of Chapter 150B of the General Statutes).** As the North Carolina Supreme Court has stated:

> [T]he Commissioner's regulation construing the Revenue Act cannot change the meaning of a statute or control the Court's interpretation of it. '*[T]his Court will not follow an administrative interpretation which, in its opinion, is in conflict with the clear intent and purpose of the statute under consideration*.' *In re Vanderbilt University*, 252 N.C. 743, 747, 114 S.E.2d 655, 658 [1960].

*Duke Power Co. v. Clayton*, **274 N.C. 505, 511-12, 164 S.E.2d 289, 294 (1968) (emphasis added).** Therefore, this Court should only follow the Commissioner's definition of "employee" if it is not "in conflict with the clear intent and purpose of" REDA. *Id.*

REDA replaced former N.C. Gen. Stat. § 97-6.1, which protected workers from being dismissed or demoted for exercising their rights under the Workers' Compensation Act. *See* **N.C. Gen. Stat. § 97-6.1 (1991),** *repealed by* **1991 N.C. Sess. Laws 1021.** These actions necessarily involved persons who were current - not former - employees, as one cannot be dismissed or demoted if one is no longer employed. In replacing § 97-6.1 with the REDA, the "clear intent and purpose" of the legislature was to expand the bounds of

prohibited actions by employers against current employees, not to expand

protection under the Act to persons no longer employed and who complain of

actions occurring after termination of their employment.

> REDA replaced North Carolina General Statutes section 97-6.1,
> the purpose of which was to promote an open environment in
> which employees could pursue remedies under the Workers'
> Compensation Act without fear of retaliation from their employers.
> *The former law merely protected employees against discharge and
> demotion.  By enacting REDA, however, the General Assembly
> expanded the definition of retaliation* to include "the discharge,
> suspension, demotion, retaliatory relocation of an employee, or
> other adverse employment action taken against an employee in the
> terms, conditions, privileges, and benefits of employment."

**Salter v. E & J Healthcare, Inc.*, 155 N.C. App. 685, 691, 575 S.E.2d 46,

50 (2003) (quoting N.C. Gen. Stat. § 95-240) (emphasis added).**  Nothing in

the plain language of the REDA, nor in its legislative history, evinces a

legislative intent for the Act to extend to the refusal to rehire, or reinstate, or

recall a former employee.

Based upon the plain language of the REDA, the state and federal court

decisions construing the Act, and the purpose of the Act as expressed by the

North Carolina Court of Appeals in *Salter*, it appears that the Commissioner of

Labor impermissibly defined "employee" to include "former employees."[2]  The

Court, therefore, declines to follow the Commissioner's definition.

In the absence of a statutory definition, it is proper for the Court to look

to the plain meaning of "employee."  *See Polaroid Corp. v. Offerman*, **349**

**N.C. 290, 297, 507 S.E.2d 284, 290 (1998) ("[U]ndefined words are**

**accorded their plain meaning so long as it is reasonable to do so.");** *see also*

***Merrick,* 2003 WL 21649275 at \*\*3 (citing *Polaroid Corp.*).**

> An "employee" is "a person who works for another in return for
> financial or other compensation." *The American Heritage
> Dictionary* 450 (2nd ed. 1985).  *Black's Law Dictionary* defines
> "employee" as "a person in the service of another under any
> contract of hire, express or implied, oral or written, where the
> employer has the power or right to control and direct the employee
> in the material details of how the work is to be performed."
> *Black's Law Dictionary* 525 (6th ed. 1990).  Moreover, the
> Workers' Compensation Act defines "employee" as "every person
> engaged in an employment under any appointment or contract of
> hire or apprenticeship, express or implied, oral or written, . . ."
> N.C. Gen. Stat. § 97-2(2) (2001).

---

[2] Although the Court does not speculate as to the reason, it is also noted
that the North Carolina Court of Appeals did not rely on the Commissioner's
definition of "employee" in deciding *Merrick*, although the definition had been
promulgated more than four years earlier.  *See,* **13 N.C. Admin. Code
19.0201 (effective April 1, 1999);** *see also*, ***Merrick* (decided July 15,
2003)**.

***Id.*, at \*\*3.**  "Employee" is also defined as "one employed by another usually in a position below the executive level and usually for wages."  ***Webster's Third New International Dictionary* 743 (1981).**

It is clear from these definitions that "employee," in its plain and ordinary sense, refers to a current relationship, and does not include one who was *formerly* in the employ of another.  As Plaintiff was not an "employee" at the time Defendant committed the acts of which Plaintiff now complains, Plaintiff is not protected by the REDA.  Therefore, Plaintiff cannot state a claim under the Act, and Defendant's motion to dismiss must be allowed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss Plaintiff's fourth claim for relief (for violation of the Retaliatory Employment Discrimination Act) and fifth claim for relief (for violation of public policy) is **GRANTED**, and the same are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the parties meet and confer pursuant to this Court's Local Rule 16.1 and file a certification of initial attorneys' conference on or before January 20, 2006.

**Signed: December 28, 2005**

Lacy H. Thornburg
United States District Judge