# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:05cv88

| | |
|---|---|
| KAY T. CIANCIA, )<br>)<br>      Plaintiff, )<br>)<br>      vs. )<br>)<br>MISSION HOSPITALS, INC., )<br>)<br>      Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's motions to quash subpoenas and for a protective order.

According to the motions, on May 31, 2006, Defendant Mission Hospitals, Inc. (Mission) served subpoenas on Pardee Hospital and Wellmont Holston Valley Medical Center for employment records of the Plaintiff. On June 12, 2006, Plaintiff's counsel moved to quash those subpoenas. However, there is a serious question as to whether either Plaintiff or her counsel has any standing to move to quash these subpoenas and the time within which to respond to the motions has not expired.

On June 20, 2006, one day prior to the time for compliance with the subpoenas, the Plaintiff filed a motion for a protective order. Obviously, Mission has not yet had an opportunity to respond to this motion as well.

Even more troubling is the fact that as recently as May 31, 2006, the Magistrate Judge chastised the parties' counsel concerning their inability to cooperate in this litigation. The Magistrate entered an order requiring that neither party file further motions until "counsel have met <u>in person</u> and attempted to resolve such issue[s] in good faith and in accordance with and through use of Rule 29[.]" **Order, filed May 31, 2006.** Plaintiff's counsel has failed to provide certification in any of the motions that he has done so.

Counsel for the parties are cautioned to abide by the local rules of this Court which require any attorney filing a motion for relief other than dismissal, default or summary judgment to meet and attempt in good faith to resolve areas of disagreement. Counsel are further cautioned that this Court does not condone the type of behavior evident in this action and does not hesitate to sanction attorneys for such conduct. **See,** *e.g.* **28 U.S.C. §1927; Fed.R.Civ.P. 11.** Normally, the Court would dismiss these motions summarily due to the lack of certification that an attempt was made to resolve them. However, since that would only result in the filing of

additional motions, the Court will enter an alternative resolution.

**IT IS, THEREFORE, ORDERED** that the attorneys for the parties in this action are hereby **ORDERED** to meet in person on or before ten days from entry of this Order in an attempt to resolve these motions and shall filed with the Court affidavits sworn to under penalty of perjury averring that such meeting occurred and delineating which issues were resolved and which issues remain outstanding.

**IT IS FURTHER ORDERED** that counsel for the entities to whom the subpoenas were issued may, in their discretion, either (1) delay any compliance with the subpoenas until a ruling has occurred in connection with these motions or (2) comply with the subpoenas by producing the records under seal to the Clerk of Court for the United States District Court for the Western District of North Carolina, Asheville Division.

The Clerk of Court shall serve this Order on Wade Ballard, counsel for Pardee Hospital, and Rhonda Reeves, Human Resources Director for Wellmont Holston Valley Medical Center, either electronically or by facsimile.

Signed: June 21, 2006

Lacy H. Thornburg
United States District Judge