# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv88

| | |
|---|---|
| KAY T. CIANCIA, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| MISSION HOSPITALS, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the following motions filed by plaintiff:

(1) Motion to Quash Subpoena Served Upon Pardee Hospital (#37)

(2) Motion to Quash Subpoena Served Upon Wellmont Holston Valley Medical Center (#38);

(3) Motion for Protective Order Re Subpoenas Duces Tecum Issued to pardee Hospital and Wellmont Holston Valley Medical Center (#39).

Plaintiff filed her motions to quash on June 12, 2006, and her Motion for Protective Order on June 20, 2006, making defendant's responses thereto due not later than June 29, 2006, and July 7, 2006, respectively. On June 21, 2006, the district court enlarged the response period to the plaintiffs motions to quash by 10 days after the required meeting of counsel. According to Mr. Shult's affidavit, the meeting was held June 28, 2006. Rule 6(a), Federal Rules of Civil Procedure, requires the adding of 5 days to such deadline, making the deadline for responding to the motions to quash July 13, 2006. On July 11, 2006, defendant filed its consolidated response to all motions. Memorandum in Opposition (#52). Plaintiff seeks to quash defendant's third party subpoenas on two grounds: first, plaintiff seeks to quash by asserting objections that could have been made by the non-parties; second, plaintiff seeks to

1

quash based on procedural defects that are assertable by a party. Each general category will be addressed below.

## I. Standing to Assert Objections that Belong to the Non-Party

Plaintiff has no standing to move to quash a subpoena that was issued to a non-party based on objections that could have been asserted by the non-party, such as improper service, non-payment of fees, etc. Rule 45(c), Federal Rules of Civil Procedure, provides for "Protection of Persons Subject to Subpoenas," and allows such persons to seek protection from the court in the form of modification of the subpoena or outright quashing.

> In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness. 5A J. Moore, Federal Practice P 45.05(2), (2d ed. 1974).

<u>Langford v. Chrysler Motors Corp.</u>, 513 F.2d 1121, *1126 (2nd Cir. 1975). None of plaintiffs' objections touch on any recognized privilege she may have in the documents. Inasmuch as plaintiff lacks standing to assert objections that belong to the non parties, and no claim of privilege having been asserted, plaintiff's motion to quash on such basis will be denied.

## II. Standing to Assert Objections Based on Procedural Errors

Rule 45 does, however, provide a narrow and little used basis for a party to move to quash a subpoena. Where, as here, a party seeks production of documents from a third party before trial, such party is required to provide the other parties to the action with *prior* notice of the subpoena under Rule 45(b)(1):

> Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

Fed.R.Civ.P. 45(b)(1). While no reported cases exist in the courts of the Fourth Circuit on this requirement, there are a number of reported decisions from other circuits which have

found such provision mandatory:

> A party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation. The purpose of the requirement of prior notice is to afford the other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date.
> Here, plaintiff failed to provide notice to the defendants of the December 1998 Liberty Mutual subpoena prior to, or contemporaneously with, its issuance. Therefore, pursuant to Rule 45(b)(1), the subpoena, had it not been withdrawn, would properly be quashed.

Schweizer v. Mulvehill, 93 F.Supp.2d 376, 411-12 (S.D.N.Y. 2000)(citations and footnote omitted). Had defendant provided plaintiff with such required notice, she would have been able to "object" to the production. In any event, the cases that this court has found all provide that the proper remedy where Rule 45(b)(1) is not complied with is to simply quash the subpoenas. Butler v. Biocore Medical Technologies, Inc., 348 F.3d 1163 (10th Cir. 2003); Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis, 220 F.#d 898 (8th Cir. 2000); Allender v. Raytheon Aircraft Co., 220 F.R.D. 661 (D.Kan. 2004); Murphy v. Bd. of Educ. Of Rochester City School Dist., 196 F.R.D. 220 (W.D.N.Y. 2000); Anderson v. Government of Virgin Islands, 180 F.R.D. 284 (D.V.I. 1998); and Schweizer v. Mulvehill, supra. Defendant having not responded to this portion of plaintiff's argument with any argument in opposition or citation to contrary cases, this court is compelled to quash the subpoenas.

### III. Further Proceedings

Anticipating that defendant still wants the information from plaintiff's employers, defendant's counsel will again be required to meet with counsel for plaintiff in person in an attempt to work this issue out. On the one hand, objections based on simple "relevance" or "inadmissability" carry little weight inasmuch as "[r]elevant information need not be

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P.26(b)(1). On the other, personnel records held by employers are very sensitive files, contain information of a very personal nature, and could lead to abuse if not carefully handled. Based on what the court has discerned from the pleadings, the following areas of inquiry are all relevant to this action: plaintiff's dates of employment; salary and benefits; disciplinary actions taken; performance reviews; peer reviews; commendations; reasons she gave for leaving her prior employment, if any; and reasons for termination from any employment. A much narrower subpoena *duces tecum* could be fashioned for the production of such documents, whereby extraneous documents concerning plaintiff's personal health issues, family matters, and other irrelevant concerns could be protected. In issuing any subpoena to a third party, defendant must, however, comply with Rule 45(b)(1).

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's

(1) Motion to Quash Subpoena Served Upon Pardee Hospital (#37) is **GRANTED**;

(2) Motion to Quash Subpoena Served Upon Wellmont Holston Valley Medical Center (#38) is **GRANTED**;

(3) Motion for Protective Order Re Subpoenas Duces Tecum Issued to pardee Hospital and Wellmont Holston Valley Medical Center (#39) is **DENIED;** and

(4) the Subpoenas issued to non-parties Pardee Hospital and Wellmont Holston Valley Medical Center are **QUASHED** for non-compliance with Rule 45(b)(1), Federal Rules o Civil Procedure.

Signed: July 25, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge